## STELLA v. KAISER et al.

United States District Court
S. D. New York.
April 4, 1949.

432

Lewis M. Dabney, Jr., and Anderson & Carew, all of New York City (Lewis M. Dabney, Jr., John A. Anderson and Isadore H. Cohen, all of New York City, of counsel), for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, of New York City, for defendant Kaiser-Frazer Corporation.

Corbin, Bennett & Delehanty, of New York City (Harold H. Corbin, Mark F. Hughes and Francis B. Delehanty, Jr., all of New York City, of counsel), for defendants Henry J. Kaiser, Edgar F. Kaiser, G. G. Sherwood, E. E. Trefethen, Jr., Clay P. Bedford, W. A. MacDonald, O. B. Motter, Hickman Price, Jr., and Walston S. Brown.

KAUFMAN, District Judge.

Defendants move for security pursuant to Section 9(e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(e). This subdivision, insofar as here pertinent, reads:

"Any person who willfully participates in any act or transaction in violation of subsection (a), (b), or (c) of this section shall be liable to any person who shall purchase or sell any security at a price which was affected by such act or transaction, and the person so injured may sue in law or in equity in any court of competent jurisdiction to recover the damages sustained as a result of any such act or transaction. In any such suit the court may, in its discretion, require an undertaking for the payment of the costs of such suit, and assess reasonable costs, including reasonable attorneys' fees, against either party litigant."

In a case to which the foregoing section is applicable, the test-question is: Is the action brought in good faith and on a meritorious claim? The burden is on the moving defendants to satisfy the court that the test-question should be answered in the negative. Acker v. Schulte, D.C., 74 F. Supp. 683, 689.

The gravamen of the action is the individual defendants' alleged manipulation of the stock market so as to bolster the price of defendant Kaiser-Frazer Corporation's stock on the eve of a public offering by the corporation of an additional large block of its stock—the acts complained of consisting of allegedly misleading press releases relating to the affairs of the corporation and the expenditure by the corporation of $2,500,000 of its funds in the purchase of its own stock.

These acts, it is alleged, violated Sections 9(a) (2) and 10(b) of the Securities Exchange Act of 1934 and Rule X-10B-5 of the Rules and Regulations under that Act, as well as Section 17(a) (1) and (3) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a) (1, 3)—the so-called anti-manipulation and anti-fraud provisions of these statutes—and also constituted, it is alleged, a deliberate and negligent waste of the corporation's assets by the individual defendants in violation of their duties as directors of the corporation.

The sufficiency of the complaint has been sustained. Stella v. Kaiser, D.C., 82 F. Supp. 301. No pre-trial depositions have been submitted; all that is before the court on this motion are the pleadings and the

affidavits submitted on behalf of the parties.

Defendants' affidavits are four in number; two by members of the firm who appear herein as attorneys for defendant corporation, one by the Comptroller of the corporation, and one by an individual defendant, who is an attorney and, at the time of the acts complained of, was secretary and a director of the corporation. The Comptroller's affidavit gives the corporate earnings and the value of the corporation's stock, according to the books.

The affidavits of the attorneys give their version of the facts, from which they argue (1) that the defendants had no ulterior or improper purpose and (2) that what they did they did in the exercise of their best judgment in the light of the facts and circumstances existing at the time they were called upon to act.

Thus, from these facts defendants argue that the action must be without merit and is not brought in good faith. It is unnecessary presently to consider to what extent defendants' motives are relevant or material in this action, inasmuch as it would not be proper, for the purpose of this motion, to make a finding on that subject on the present record. Since, in the entire setting of the case, the acts are such as might have been performed from improper motives, and since plaintiff could not be expected, at this stage of the case, to have direct evidence on the subject, it would be unjust and unrealistic to find they were not, merely because defendants assert, by the affidavit of one of them, that their intentions were pure. Just as, in such circumstances, summary judgment would not be granted on a defendant's affidavit, see Arnstein v. Porter, 2 Cir., 154 F.2d 464, so it should not be found as a fact upon the present record that the cause of action is so lacking in merit as to justify requiring plaintiff to post security.

The only other circumstance relied on by defendants is the fact that plaintiff owns only a minute fraction of the stock of defendant corporation and therefore that plaintiff's interest in the recovery herein sought would be infinitesimal. From this defendants ask the court to conclude that the action must have been brought in bad faith. But the small extent of plaintiff's financial interest in the corporation does not, per se, establish that the action is brought in bad faith. It is significant to note that federal statutes have not been amended to include a provision similar to Section 61-b of the New York General Corporation Law, Consol.Laws, c. 23, which makes the number of shares held, or their value, a criterion for the granting of security.

It is traditional that the right to resort to the courts should remain untrammeled; that justice should be made available to all at the least possible expense, and that in the absence of affirmative proof of special circumstances showing justification therefor, a plaintiff should not be required to secure the defendant against his expenses, legal or otherwise. The necessary affirmative proof by defendants has not been made here.

The conclusion thus reached makes it unnecessary to pass on plaintiff's contention that this is not the type of action to which Section 9(e) of the 1934 Act is applicable.

The motion is denied, without prejudice to renewal at any subsequent time during the pendency of the action upon a more complete and disinterested factual demonstration of the presence of the requisite conditions.

Settle order on notice.