**STELLA v. KAISER et al.**

United States District Court
S. D. New York.
June 10, 1949.

526

Lewis M. Dabney, Jr., Anderson & Carew, John A. Anderson and Isidore H. Cohen, New York City, for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, Mark F. Hughes, New York City, for defendant Kaiser Frazer.

Corbin, Bennett & Delehanty, Harold H. Corbin and Francis B. Delehanty, New York City, for defendants Henry J. Kaiser et al.

RIFKIND, District Judge.

Judge Leibell has already ruled, Stella v. Kaiser, D.C.S.D.N.Y.1948, 82 F.Supp. 301, that the complaint states a claim under § 9 (e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(e), sufficient to withstand a motion to dismiss for lack of jurisdiction and insufficiency.

Plaintiff's present attempt to divorce § 9(e) from § 9(a) and to base his claim on the latter alone is quite meaningless, for § 9(a) itself affords no remedy for damages, although it may be foundation for injunctive relief under 15 U.S.C.A. § 78u (e) or criminal prosecution under 15 U.S. C.A. § 78ff.

If § 9(e) applies, Judge Kaufman has said that plaintiff's good faith is material. Stella v. Kaiser, D.C.S.D.N.Y.1949, 83 F. Supp. 431.

It follows that the plaintiff can not properly complain of a thorough search into his good faith in bringing this suit.

This is confirmed by special considerations springing from the complaint herein. Judge Leibell, in his opinion sustaining the complaint, has indicated that grave and previously unanswered questions underlie the claim asserted. It is quite possible that a trial will result in a finding that the individual defendants violated § 9(a) but that the corporation is not the intended beneficiary of the statute. Such a result would expose the corporation to claims from all who purchased its stock at a price "affected" by the violation.

Considering the problematical character of the claim asserted and the grave risks to which it exposes the corporation, the apprehension of both the corporation and the individual defendants that the action might be prompted by persons hostile to the corporation can not be regarded as frivolous.

The examination of the plaintiff will, therefore, not be curtailed and he will be directed to answer questions germane to his good faith in instituting this action.