**FOREMOST PROMOTIONS, Inc. et al.**
v.
**PABST BREWING CO. et al.**
No. 52 C 91.

United States District Court
N. D. Illinois.
Oct. 7, 1953.

Maurice R. Kraines, Chicago, Ill., for plaintiffs.

Arvey, Hodes & Mantynband, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

This was a suit filed by the plaintiff against the defendants and their whole-sale distributors to recover damages for the suppression of competition both under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and the laws of Illinois.

The plaintiff Foremost Promotions, Inc. is engaged in the business of furnishing liquor retailers with promotion and advertising services. The other

plaintiffs are retail liquor dealers in Chicago.

The gravamen of the complaint is that the defendants conspired to refuse to sell Pabst beer to the plaintiffs as a consequence of the plaintiffs' advertising Pabst beer at a price less than that specified by the defendants.

A counterclaim was filed by the defendants alleging that the plaintiffs conspired to refuse to buy Pabst beer.

At a deposition taken pursuant to Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A., Mr. Roberson, representing the defendants, Pabst Brewing Company and Pabst Sales Company, propounded questions to sundry of the plaintiffs concerning the discussions between the plaintiffs which led to the filing of the complaint, the manner in which the particular plaintiff's participation in the action was solicited, the arrangement for fees, and other information concerning the discussions relative to the institution of the action. Plaintiffs' counsel directed witnesses not to answer on the ground of irrelevancy but stated his willingness to permit the witness to answer any questions concerning any discussions at the same meetings relating to the purchase or sale of the beer or the refusal to purchase the beer and the like. In other words, he objected only to questions directed to the instigation of the suit, the solicitation to participate therein and arrangements concerning fees.

Counsel for Pabst has moved for an order directing witnesses to answer the questions which plaintiff's counsel instructed the witnesses to refuse to answer.

The question arises under Rule 26(b), which prescribes that the deponent may be examined regarding any matter not privileged which is relevant to the subject matter involved in the pending action, including records or other tangible things and the identity and locations of persons having knowledge of relevant facts, and it is specifically stated that it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

■ The significance of the rule is not disputed. The essential conflict lies in its application to the facts. That the rule should receive a broad and liberal interpretation calculated to meet the purpose intended by the discovery procedure is beyond question. The repetition of a quotation from a case cited by defendants' counsel will not be inappropriate.

■ In Kaiser-Frazer Corp. v. Otis Co., D.C.N.Y., 1951, 11 F.R.D. 50, 53, the court said:

"'Relevant' as used in Section 26 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not to be equated with 'relevant' as ordinarily used in determining admissibility of evidence upon a trial. This is clear from the very rule which permits the examination of any party or person '* * * regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *.' Thus it is relevancy to the subject matter which is the test and subject matter is broader than the precise issues presented by the pleadings. Lewis v. United Air Lines Transport Corp., D.C., 27 F. Supp. 946. Moreover, it must always be borne in mind that the discovery-deposition procedure of the new rules is '* * * not merely for the purpose of producing evidence to be used at the trial, but also for discovery of evidence, indeed, for leads as to where evidence may be located * * *.'"

■■ The narrow question then is whether the testimony sought to be elicited "appears reasonably calculated to lead to the discovery of admissible evi-

dence." Of course, the question concerning anything under the sun might lead to a chain reaction in the witness' mind which might develop relevant testimony or lead to a substantial clue to relevant testimony. Such a possibility might lead to endless and intolerable interrogation. It is the duty of the court to keep the inquiry within reasonable bounds and to restrict questions to those having substantial relevancy to a sensible investigation. It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

The motion of the defendant will be denied, and the Court has signed the draft order submitted by counsel for the plaintiff.