**SCHWARTZ et al.**

v.

**BROADCAST MUSIC, Inc. et al.**

United States District Court
S. D. New York.
April 8, 1954.

**32**

Hays, St. John, Abramson & Schulman, New York City, John Schulman, and Elias Messing, New York City, of counsel, for plaintiffs.

Rosenman, Goldmark, Colin & Kaye, New York City, Goldfrey Goldmark, Max Freund, New York City, of counsel, for defendants Broadcast Music, Inc. and others.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants Radio Corporation of America and others.

Hawkins, Delafield & Wood, New York City, for defendants American Broadcasting-Paramount Theatres, Inc. and Raymond Diaz.

William M. Regan, New York City, for defendants General Teleradio, Inc. and others.

DIMOCK, District Judge.

Defendants move pursuant to Rules 26 and 37, F.R.C.P., 28 U.S.C. for an order directing plaintiffs Moore and Whitcup to answer certain questions which they refused to answer upon the taking of their depositions and for the production and inspection of documents which plaintiff Whitcup used to refresh his recollection on the taking of his deposition. Plaintiffs cross-move pursuant to Rules 26 and 30, F.R.C.P., for an order terminating the examinations of plaintiffs Whitcup and Moore or, in the alternative, limiting the scope of their examinations; and an order limiting the scope of the future examination of the remaining plaintiffs. Plaintiffs also move for an order modifying the subpoena duces tecum which has been issued against plaintiff Kramer.

First, I turn to the examination of plaintiffs Moore and Whitcup and the documents sought in connection with it.

■ Plaintiffs in this action are thirty songwriters who are suing individually in their own behalf and on behalf of about 3,000 others similarly situated. The Songwriters of America, an association of about 700 songwriters, was organized for the prosecution of this suit. Both plaintiffs Whitcup and Moore refused to answer any questions relating to the Songwriters of America on the ground that defendants are improperly attempting to seek disclosure of plaintiffs' preparation of their lawsuit. To support their position, plaintiffs invoke the doctrine of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Since the work product of a lawyer is not involved here, the doctrine of Hickman v. Taylor is inapplicable. Defendants argue that an inquiry into the organization and activities of Songwriters of America may reveal that the American Society of Composers, Authors and Publishers (hereinafter referred to as ASCAP) is the real party in interest in this suit and that statements made at meeting of Songwriters of America may contain admissions which they could use as evidence at the trial. Defendants further contend that the organizers of Songwriters of America are probably those who supplied the facts on which the complaint is based and therefore defendants are clearly entitled to the disclosure of their identity under Rule 26 F.R.C.P. I do not see how statements made at public mass meetings can be attributed to plaintiffs as admissions. That is not necessary, however. It is enough if the information sought is relevant for the purposes of pre-trial examination. For this reason and since the information is not privileged, plaintiffs Whitcup and Moore are directed to answer the questions about Songwriters of America.

■■ The same reasoning applies to the questions about conversations between plaintiff Moore and officials of ASCAP except as to confidential conversations with Mr. Finklestein, general counsel for ASCAP. ASCAP is an unincorporated association of which plaintiff Moore is a member. Each individual member of the association is a client of the association's lawyer. If, therefore, the conversation was one in which plaintiff Moore was seeking Mr. Finklestein's

legal advice and if the communications were confidential, plaintiff Moore may properly invoke privilege. See VIII Wigmore on Evidence (3d ed.) § 2292ff.

■■ Next I turn to the documents which plaintiff Whitcup used to refresh his recollection on the taking of his deposition but refused to allow defendants' counsel to inspect. Defendants argue that the mere fact that plaintiff Whitcup used these documents to refresh his recollection entitles them to full discovery without any further showing of the "good cause" required by Rule 34. At trial, opposing counsel is entitled to inspect any writing used by a witness to refresh his recollection for use on cross-examination. See III Wigmore on Evidence (3d ed.) § 762. I do not find any reason for applying a different rule to pre-trial proceedings. Nor do I find any reason for granting the much broader right which defendants seek. Defendants are entitled to inspect the documents used by plaintiff Whitcup to refresh his recollection for the purpose of cross-examining him. For fuller discovery of these documents, they must utilize the normal discovery procedure of presenting affidavits showing "good cause". See Rule 34 F.R.C.P.

■■ Next I turn to plaintiffs' cross-motion under Rules 30(b) and (d), F.R.C.P., to limit or terminate the examinations of plaintiffs Whitcup and Moore, and to limit in advance the pre-trial examinations of the remaining plaintiffs. Rule 30(d) provides for termination of examination or limitation of the scope and manner of the taking of the deposition "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent". While federal courts are thus authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules. See Laverett v. Continental Briar Pipe Co., D.C.E.D.N.Y., 25 F.Supp. 80, 82–83. Plaintiffs have not substantiated their claim of undue prolongation and harassment. Nor have they made the clear showing of bad faith in the projected examinations of the remaining plaintiffs which is generally required for limitation of the scope of discovery before examination under Rule 30(b). See Krier v. Muschel, D.C.S.D.N.Y., 29 F.Supp. 482; Stankewicz v. Pillsbury Flour Mills Co., D.C.S.D.N.Y., 26 F.Supp. 1003; Jacobowitz v. Kremer, D.C.S.D.N.Y., 7 F.R.D. 110. These cross-motions are therefore denied.

■ Finally, I turn to plaintiffs' motion to modify the subpoena duces tecum which has been served on plaintiff Kramer. Although Rule 45 does not in terms require a showing of good cause for the issuance of a subpoena duces tecum, that requirement of Rule 34 has been read into all procedures for obtaining discovery of documents. See Sagorsky v. Malyon, D.C.S.D.N.Y., 12 F.R.D. 486.

■ Defendants have submitted no affidavits in support of items 5, 6, 7, 8. On items 3, 4, 9 and 10, they ask that their affidavits in support of inquiry into Songwriters of America on oral deposition be considered for this purpose. The subject matter of items 3, 4, 9 and 10 is the same as that of the information sought which I have already held relevant for the purposes of pre-trial examination. Therefore, the motion to modify the subpoena duces tecum is denied as to items 3, 4, 9 and 10, and granted as to items 5, 6, 7 and 8 without prejudice to an application under Rule 34 showing "good cause."

Settle order on notice.