**BANANA DISTRIBUTORS, Incorporated, et al., Plaintiffs,**

v.

**UNITED FRUIT COMPANY et al., Defendants.**

United States District Court
S. D. New York.
July 23, 1956.

See also 19 F.R.D. 11.

Smith, Sargent & Grant, New York City, for plaintiffs. Blackwell Smith, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants.

Porter R. Chandler, New York City, of counsel.

LEVET, District Judge.

This is a civil antitrust action for damages and injunctive relief. Plaintiffs have moved pursuant to Rules 30(b) and 30(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order requiring defendants to submit to deposition upon oral examination for not less than three days a week from 10:30 A.M. to 4:30 P.M. on each day. Plaintiffs also seek to terminate the examination of plaintiff Percival B. Elbaum and certain plaintiffs by Percival B. Elbaum within twenty days from the entry of the order on this motion.

Defendants have cross-moved for an order directing that this action be dismissed or further proceedings be stayed pursuant to Rule 37(b) (2) (iii) unless plaintiffs within ten days from the entry of the order on this motion produce and permit defendants to inspect and copy recordings made by plaintiffs of telephone conversations or interviews between plaintiff Percival B. Elbaum and two named individuals. Plaintiffs have informed this Court that subsequent to defendants' cross-motion they delivered to defendants duplicate copies of all of the telephone conversations which are the subject of said motion. Therefore, this portion of defendants' cross-motion need not now be treated. However, defendants have also cross-moved for an order directing plaintiff Percival B. Elbaum to answer questions propounded by defendants' attorneys during his examination relating to certain telephone conversations, speeches and remarks of said plaintiff.

The examination which plaintiffs seek to terminate commenced on November 10, 1953. It was suspended for nearly two years by reason of a dispute which arose concerning the production by plaintiffs of certain documents, including recordings of telephone conversations made by plaintiffs. Upon motion of defendants for an order requiring plaintiffs to permit defendants to inspect and copy these recordings, Judge Noonan of this court directed plaintiffs to permit defendants to inspect and copy all of plaintiff Elbaum's telephone recordings not previously made available to defendants. The examination was resumed in January 1956, and thereafter the defendants learned that certain other recordings of plaintiff Elbaum's telephone conversations with past and present customers of his banana business were being withheld by plaintiffs, who contended that these records were "trial preparation material." Defendants moved for the production of these records. Pursuant to an order by Judge Palmieri, dated June 21, 1956, plaintiffs were directed to "permit defendants to inspect and copy all recordings and transcriptions thereof made by the plaintiffs or any of them relating to telephone conversations, or other interviews or memoranda of such conversations or interviews by the plaintiffs or any of them with present or former customers of their banana businesses, including those by plaintiffs with customers interviewed by defendants' attorneys * * *."

■ Rules 30(b) and 30(d) empower the court to limit and terminate examinations for the protection of the parties and deponents. However, as expressed in Rule 30(d), the basis for an application for relief is "a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Thus, it was said in Schwartz v. Broadcast Music, Inc., D.C.S.D.N.Y. 1954, 16 F.R.D. 31, 33: "While federal courts are thus authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules."

■ It does not appear from the papers submitted on these motions that plaintiffs have established that the ex-

amination is being conducted by defendants in bad faith. The interruption in the progress of said examination was occasioned by a legitimate dispute with respect to the production of the above-mentioned recorded telephone conversations. Accordingly, plaintiffs' motion to terminate defendants' examination of Percival B. Elbaum and certain plaintiffs by Percival B. Elbaum is denied.

■ Plaintiffs also seek to require defendants to submit to examination for not less than three days a week from 10:30 A.M. to 4:30 P.M. on each day. This Court does not believe that it should fix in advance an inflexible schedule of sessions and the length thereof. Numerous unforeseen future events, including other business commitments of the attorneys and deponents, would prove the impracticability of such a rigid schedule. However, the defendants are directed to submit to examination as noticed by plaintiffs within seven days from notice of entry of the order herein.

Defendants' cross-motion for an order requiring plaintiff Percival B. Elbaum to answer questions during his examination by defendants concerning certain subjects is disposed of as follows:

■ (1) Plaintiffs' objections to the questions relating to Elbaum's recorded telephone conversation with Willard Summers are overruled. Said conversation concerns their proposed purchase of a subsidiary of one of the defendants. These questions bear on the issue of coercion and intimidation as alleged in the complaint and are, therefore, relevant.

■ (2) Plaintiffs' objections to questions concerning plaintiff Elbaum's recorded telephone conversation with Cos Masters, President of Thomas Kalliches, Inc., are overruled. This conversation bears upon the issue of plaintiff Elbaum's credibility in that it concerns an attempt by said plaintiff to convert an alleged co-conspirator to a co-plaintiff.

■ (3) Plaintiff Elbaum's recorded telephone conversation with Charles Basch, who was neither a present nor past customer of plaintiffs is irrelevant. Plaintiffs' objections to questions relating to this conversation are sustained, especially in view of the fact that defendants have already been provided with the recording of said conversation.

■ (4) Plaintiffs' objections to speeches and remarks by plaintiff Elbaum at certain meetings of banana jobbers in New Haven on or about the Fall of 1955 are sustained. These post-complaint remarks are irrelevant and will only tend to delay the progress of the examination of plaintiff Elbaum.

Settle order on notice in conformity with the foregoing decision and rulings.