Francis W. Sullivan and Edwin Barnet, Philadelphia, Pa., for defendants.

**IDLE WILD FARM, Incorporated,**
**Plaintiff,**

**v.**

**W. R. GRACE & CO., Inc., Defendant.**

United States District Court
S. D. New York.

May 20, 1958.

Reich, Spitzer & Feldman, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves pursuant to Rules 26 and 37, F.R.Civ.P. for an order directing Jacques Makowsky, president of plaintiff, to answer certain questions which he refused to answer upon the taking of his deposition. Plaintiff cross-moves pursuant to Rules 26 and 30, F.R.Civ.P., for an order terminating or limiting the examination of Makowsky.

Plaintiff in this action is engaged in the business of producing and marketing "eating items" called Rock Cornish Game Hens. Defendant sold transparent shrinkable bags to plaintiff which plaintiff used to package its product. Plaintiff alleges in its complaint that defendant in its advertising has referred to a competitor of plaintiff, Vi-Bo Farms, as a user of said bags, but that it has omitted any reference to plaintiff and that defendant has thereby discriminated against plaintiff in violation of section 2(e) of the Robinson-Patman Act, 15 U.S.C. § 13(e). Plaintiff alleges damage in the amount of $250,000 and demands recovery of treble that amount.

The questions which defendant moves the court to require Mr. Makowsky to answer are within the scope of examination as defined by Rule 26(b) which provides:

"Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff has classified the questions as relating to (a) plaintiff's competitors, (b) plaintiff's lost customers, (c) the origination of the Rock Cornish Game

**336**

Hens and that name, (d) plaintiff's advertising and (e) the names of plaintiff's stockholders and the amount of its outstanding stock. Many of the questions in categories (a) through (d) seem especially relevant to the extent of plaintiff's damages resulting from the alleged infringement. Questions as to whether there was a trade association in the industry and the names of plaintiff's salesmen and brokers and what records plaintiff keeps seem "reasonably calculated to lead to the discovery of admissible evidence". The categories of questions by their very nature are relevant to the subject matter of the action and an examination of the particular questions in each of these categories reveals none that are outside the scope of permissible examination under Rule 26.

Rule 30(d) provides for termination of examination or limitation of the scope and manner of the taking of the deposition "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." As I said in applying this Rule in Schwartz v. Broadcast Music, D.C.S.D.N.Y., 16 F.R.D. 31, 33:

> "While federal courts are thus authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules."

Plaintiff has not sustained its claim that the examination has been oppressive. It has taken only six and one-half hours over the course of two days. The questions asked do not appear to be oppressive in nature.

There is no showing by plaintiff that the examination has been or is intended to be conducted by defendant in bad faith. Thus there is no basis for an order limiting the scope of any further examination. See Schwartz v. Broadcast Music, supra; Banana Distributors, Inc.,

v. United Fruit Company, D.C.S.D.N.Y., 19 F.R.D. 244. Defendant's motion is granted; plaintiff's cross-motion is denied.

So ordered.