HALL, Judge.
Cameron C. McCann sued United Elevator Corporation and its insurer, Continental Casualty Company, together with several other corporations for damages for per *532 sonal injuries resulting from an accident on June 20, 1967 involving one of the elevators in the Civil Courts Building in New Orleans.
Pending trial of the case and pursuant to notice plaintiff on November 13, 1968 took the oral deposition of Lloyd J. Boe, Jr. for discovery purposes. Mr. Boe was an officer and employee of United Elevator Corporation. During the course of Mr. Boe’s questioning it was brought out that about two months after the accident Mr. Boe had given a written statement to a representative of the Elevator Company’s insurer. Thereupon the following colloquy took place between plaintiff’s counsel and Mr. Boe:
“Q. Have you seen that statement since you gave it, sir ?
“A. Yes.
“Q. When was the last time that you saw it?
“A. It has been a while back.
“Q. Do you have a copy of that statement?
“A. In my office file.
“Q. Have you refreshed your memory from that statement ?
“A. No I haven’t.
“Q. You have never looked at that statement ?
“A. No, I have looked at it. There again, I guess you could say yes. I did refresh my memory, probably, just to read it in the normal course of events, nothing other than just look at it, look through the file, which I do sometimes.”
Plaintiff’s counsel called for the production of the statement. Defendants’ counsel refused to do so.
Thereafter plaintiff on December 2, 1968 obtained an ex parte order from the Trial Judge requiring United Elevator Corporation and Continental Casualty Company, its insurer, to produce the statement for inspection and copying by plaintiff’s counsel.
Defendants filed a rule to vacate and set aside this order as being improvidently issued. Upon the District Court’s refusal to do so, defendants applied for, and we granted, certiorari coupled with a stay order and a rule directed to the respondents to show cause why the order for the production of the statement should not be vacated and set aside.
Pertinent hereto are the provisions of Articles 1492 and 1452 of the Code of Civil Procedure. Article 1492 (LSA-C.C.P. Art. 1492) reads in part as follows:
“Art. 1492. Upon motion of any party showing good cause therefor, and subject to the provisions of Article 1452, the court * * * may:
“(1) Order any party to produce and permit the inspection and copying or photographing * * * of any designated documents * * * ”
The second paragraph of Article 1452 (LSA-C.C.P. Art. 1452) reads in part as follows:
“The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. * * * ”
It is obvious to us that if the statement ordered to be produced has any relevancy at all to plaintiff’s claim it was given by Mr. Boe to the Elevator Company’s insurer in anticipation of litigation. We can imagine no other purpose for making the statement and we find nothing in plaintiff’s motion for its production nor in his supporting brief filed in the District Court to show that the denial of its production *533 would unfairly' prejudice plaintiff in preparing his claim or cause him undue hardship or injustice.
Apparently in an effort to show “good cause” plaintiff contended in the District Court that he has a right, on proper demand, to inspect and use for purposes of cross-examination any paper or memorandum which is used by a witness while on the stand for the purpose of refreshing his memory and which in fact does refresh his memory, citing United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; Miller v. United States, 5 Cir., 126 F.2d 771; Montgomery v. United States, 5 Cir., 203 F.2d 887; Schwartz v. Broadcast Music Inc., D.C., 16 F.R.D. 31.
We have no quarrel with this statement of the rule, but in the instant case Mr. Boe did not use any paper or memorandum to refresh his memory while testifying on the witness stand.
The rule seems to be that a writing need not be produced for inspection by opposing counsel if the document is not used by the witness while on the stand although the witness may have refreshed his recollection with it at some other time.
In Echert v. United States, 8 Cir., 188 F.2d 336, 26 A.L.R.2d 752, the Court refused to make available to opposing counsel a report made by a witness concerning matters to which he testified on the stand. The Court said:
“Neither of these witnesses used the documents demanded to refresh their memories when on the witness stand. The court did not, therefore, err in either instance. Only when a witness uses a paper to refresh his memory when on the stand may production and inspection of a writing be demanded.’’ (emphasis supplied)
In Lennon v. United States, 8 Cir., 20 F.2d 490, the Court said:
“But in this case the situation was very different. The paper was not used while the witness was on the stand; it was not in court, but was read by the witness in his room the day before the trial. Witnesses frequently refresh their memories before going into court, by referring to papers in their possession which are not taken into court; and where they rely on their recollection of the facts, as this witness did, it is not necessary that the writing be produced; It is only where the witness uses the paper to refresh his memory while on the stand that there exists a right to compel the production of the writing for inspection." (emphasis supplied)
See also Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (affirming United States v. Goldman, 2 Cir., 118 F.2d 310) where the United States Supreme Court said:
“We think it the better rule that where a witness does not use his notes or memo-randa in court, a party has no absolute right to have them produced and to inspect them * * *”
We are of the opinion that the statement was given by Mr. Boe to the Elevator Company’s insurer in anticipation of litigation and that plaintiff has not shown that denial of the production and inspection thereof will unfairly prejudice him in preparing his case or will cause him undue hardship or injustice.
If “good cause” be the fact that Mr. Boe had refreshed his memory by reading his copy of the statement at some time prior to his deposition, the second paragraph of LSA-C.C.P. Art. 1452 might as well be stricken from the Code because it would be impossible for a witness to read over any notes or statements which he might have written or given in anticipation of litigation without immediately subjecting such memoranda to examination by opposing counsel.
Plaintiff has cited Southern Railway Company v. Lanham, 5 Cir., 403 F.2d 119. Commencing at page 126 of the opinion in *534 that case there is a discussion of “good cause” under Federal Rule 34. Besides the difference in the factual situation between that case and the one before us we do not find in Federal Rule 34 or in any other federal rule referred to therein any restrictions on the production and inspection of writings obtained or prepared in anticipation of litigation such as are found in the second paragraph of LSA-C.C.P. Art. 1452.
For the foregoing reasons the rule to show cause issued by this Court in connection with its writ is made absolute, and, accordingly, the Respondent Judge is directed and required to vacate and set aside his order of December 2, 1968 for the production, inspection and copying by plaintiff’s counsel of the statement used by Lloyd J. Boe, Jr. to refresh his memory prior to the taking of his deposition on November 13, 1968. Costs of this Court shall be borne by plaintiff, all other costs to await final determination of the cause.
Mandamus issued.