Jack SANDLER, et al., Plaintiffs,

v.

**McGRAW–EDISON COMPANY,**
Defendant.

No. C–1–79–645.

United States District Court,
S. D. Ohio, W. D.

Dec. 1, 1981.

Michael G. Kohn, Cincinnati, Ohio, for plaintiffs.

G. Jack Donson, Jr., Cincinnati, Ohio, for defendant.

MEMORANDUM AND ORDER

DAVID S. PORTER, Senior District Judge:

MEMORANDUM

This breach-of-contract action is one of six brought by former Arnold Palmer Dry Cleaning Center franchisees against their franchisor, defendant's American Laundry Machinery Industries division. This matter is before this Court on defendant's long-standing motion under Fed.R.Civ.P. 37(a) for an order compelling plaintiffs to respond to defendant's document requests and to produce certain documents (doc. 17). Plaintiffs have filed a memorandum in opposition (doc. 27).

■ It appears unnecessary at this point for the Court to rule on defendant's motion for an order compelling a response to its document requests. By letter dated June 5, 1980, plaintiffs' counsel identified documents that plaintiffs have refused to produce. Defendant does not claim that this list is incomplete. Therefore defendant's motion to compel a response is moot.

■ The letter from plaintiffs' counsel, a copy of which is appended to defendant's motion, states that plaintiffs refused to provide the following documents:

A six page document establishing the "Association of Former Arnold Palmer Dealers and Franchisees", and naming certain parties as the investigative committee thereof.

A two page agreement between the predecessor to our current law firm, George Qualley and Associates, and said association.

Minutes of the meeting of the investigative committee of the Association. (2 pages)

Minutes of a meeting of the investigative committee of the Association. (1 page)

Fee agreements between this firm and our present clients (2 pages)

McGraw-Edison argues that because plaintiffs have claimed attorneys fees as an element of damages, the documents sought are relevant. Defendant also suggests that the documents may contain relevant communications and admissions by plaintiffs. Plaintiffs argue that the documents are irrelevant to the central issues raised in the case, and that the materials are not discoverable because they are covered by the attorney-client privilege and the work product doctrine.

Fed.R.Civ.P. 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs in this action contend that defendant breached its franchise agreement by failing to provide certain services; defendant's counterclaim alleges nonpayment for goods and machinery that it provided to plaintiffs. The documents requested by defendant all relate to an association formed and fee agreements reached long after the accrual of the causes of action that are the focus of this lawsuit. In *Foremost Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128 (N.D.Ill.1953), an antitrust action, the Court was faced with a similar defense inquiry and held:

> It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

*Id.* at 130. *Accord: Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 126 (D.Conn.1974); *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975). Defendant correctly cites *Schwartz v. Broadcast Music, Inc.*, 16 F.R.D. 31, 32 (S.D.N.Y.1954), as authority supporting its right to inquire into the formation of an association that was created for the purpose of commencing litigation. *Schwartz*, however, is an anomaly; it was considered by the *Amherst Leasing* Court and expressly rejected as a "single strand of authority." 65 F.R.D. at 125–26. We are persuaded that the majority rule of *Foremost, Amherst Leasing* and *Sanderson* is the rule that we must follow.

In *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211, 214 (N.D.Ill.1972), a securities case also cited by defendant, the Court permitted plaintiff's discovery of a fee arrangement only because the attorney in question was a named defendant and the fee arrangement was "relevant to plaintiff's theory that Foster was improperly influenced by Meister Brau's offer of employment." *Bailey* is in no way similar to *Sandler*. Plaintiffs' attorneys in *Sandler* are not named parties, and the fee arrangements between plaintiffs and their attorneys are in no way relevant to either side's theory of the case.

We are also unmoved by defendant's argument that the documents are discoverable because plaintiff has placed the matter in issue by claiming the right to recovery of reasonable attorneys fees. In *Sanderson*, a private antitrust case in which plaintiff could have recovered attorneys fees,[1] the Court found that fee arrangements were irrelevant and not discoverable. 507 F.2d at 480. Fees are no more in issue in the case at bar than they were in *Sanderson*. Furthermore, at least one federal court has held that the amount of attorneys fees to be awarded should be determined from the view of the trial judge, not from the view of the attorney and client. *Travelers Insurance Co. v. Davis*, 411 F.2d 244, 248 (5th Cir. 1969) (applying a Florida statute on attorneys fees).

---

**1.** 15 U.S.C. § 15 permits recovery of reasonable attorneys fees in a private antitrust action.

Defendant suggests that the information sought would be relevant to a motion that it might make to disqualify plaintiffs' counsel. We need not consider this speculative logic because defendant has filed no such motion.

Accordingly, we find that documents sought here by defendant are not "reasonably calculated to lead to the discovery of admissible evidence" as required by Rule 26(b)(1), and therefore are not relevant. Because of this finding it is unnecessary for us to consider whether the documents are covered by the attorney-client privilege or by the work product doctrine. Defendant's motion to compel is denied.

### ORDER

For the reasons stated in the foregoing memorandum, defendant's motion for an order compelling each plaintiff to produce certain documents relating to a plaintiffs' association and to fee arrangements between plaintiffs and their attorneys, is denied. Defendant's motion for an order compelling each plaintiff to respond to defendant's document requests is deemed moot.

So ordered.