Edward CRESSWELL, et al., Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES
INC., Defendant.

No. 83 Civ. 2099 (RWS).

United States District Court,
S.D. New York.

Jan. 29, 1985.

See also 580 F.Supp. 55.

Edward J. Swan, New York City, for plaintiffs.

Sullivan & Cromwell, New York City, By: Marvin Schwartz, Howard D. Burnett, John L. Hardiman, New York City, of counsel, for defendant.

MEMORANDUM OPINION

SWEET, District Judge.

Of a series of discovery disputes argued on October 12, 1984, only one remains unresolved: should defendant Prudential-Bache Securities Inc., ("Prudential") be able to depose plaintiffs with respect to conversations among the plaintiffs, in the absence of counsel, regarding the decision to initiate this action and to form an investors' association to finance the suit and retain counsel. Although Fed.R.Civ.P. 26(b) extends the scope of discovery to "... any matter, not privileged, which is relevant to the subject matter involved ...", the weight of the case law considering the issue presented argues against permitting the sought-after discovery.

In *Foremost Promotions v. Pabst Brewing Co.*, 15 F.R.D. 128 (N.D.Ill.1953), counsel for the defendant "propounded questions to sundry of the plaintiffs concerning the discussions between the plaintiffs which led to the filing of the complaint, the manner in which the particular plaintiff's participation in the action was solicited, the arrangement for fees, and other information concerning the discussions relative to the institution of the action." *Id.* at 129. The Court concluded:

The narrow question then is whether the testimony sought to be elicited "appears reasonably calculated to lead to the discovery of admissible evidence." Of course, the question concerning anything under the sun might lead to a chain reaction in the witness' mind which might develop relevant testimony or lead to a substantial clue to relevant testimony. Such a possibility might lead to endless and intolerable interrogation. It is the duty of the court to keep the inquiry within reasonable bounds and to restrict questions to those having substantial relevancy to a sensible investigation. It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the sub-

stance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

*Id.* at 129–30.

The *Foremost* reasoning was specifically relied upon in *Amherst Leasing Corporation v. Emhart Corporation*, 65 F.R.D. 121 (D.Conn.1974), where the defendant sought discovery of the events surrounding the instigation of the lawsuit. Similarly, in *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463 (S.D.Ohio, 1981), the defendant sought documents disclosing certain aspects of the relationship among the plaintiffs and the investigative committee of the plaintiffs. The Court relied on *Foremost, supra,* to hold that such discovery fell outside the reach of rule 26.

The only contrary case, *Schwartz v. Broadcast Music*, 16 F.R.D. 31 (S.D.N.Y. 1954) states in mere conclusory fashion that in the absence of a specific governing privilege, the issues were discoverable even in the absence of apparent relevance. *Sandler, supra,* considered *Schwartz* an "anomaly," while *Amherst, supra,* termed it "a single strand of authority" contrary to the general view.

I find the *Foremost* view persuasive. In the absence of a link between the issues sought to be discovered and those in controversy, and evidence that could itself bear on trial matters. I hold that certain of the matters sought to be discovered are beyond the reach of Fed.R.Civ.P. 26.

However, Prudential notes that the plaintiffs have asserted that *all* intra-plaintiff discussions are not discoverable, whether or not encompassed by the subjects considered in the authorities just discussed. Intra-plaintiff discussions, in the absence of counsel, unless otherwise privileged, are discoverable by Prudential on subjects other than the solicitation of participation in the action and arrangements relating to such participation. The reasoning of the discovery limitation imposed by this opinion, and by the Court in *Foremost,* extends only to the relationship between the plaintiffs as such and not to any facts related to the merits of the action. It does not, therefore, forbid discovery of all intra-plaintiff communication.

**IT IS SO ORDERED.**