## DIGITAL EQUIPMENT CORPORATION, Plaintiff,

v.

## SYSTEM INDUSTRIES, INC., Defendant.

### Civ. A. No. 80–2551–K.

United States District Court, D. Massachusetts.

Jan. 14, 1986.

Richard A. Jordan, Cesari & McKenna, Boston, Mass., for plaintiff Digital Equipment Corp.

George M. Schwab, San Francisco, Cal., for defendant System Industries, Inc.

## ORDER ON PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDERS (# 105 and # 106)

JOYCE LONDON ALEXANDER, United States Magistrate.

At the hearing on the above-captioned motions, plaintiff was represented by Richard A. Jordan, Esquire, and defendant was represented by George M. Schwab, Esquire.

Plaintiff brings two motions for protective orders before the Court. Both motions concern depositions noticed by the defendant.[1] After hearing and a review of the applicable case law, both motions are hereby allowed.

System Industries (SI) noticed depositions pursuant to Fed.R.Civ.P. 30(b)(6) of: the individuals most knowledgeable concerning the decision by Digital Equipment Corporation to initiate this lawsuit against System Industries.

Digital Equipment Corporation (DEC) moves for a protective order seeking to vacate this notice for two reasons. First, DEC contends that matters relating to the decision to institute the lawsuit would have no relevancy or bearing on any issues in the case. In addition, DEC contends that the information is privileged.

Defendant asserts that it is necessary to inquire into the motive for instituting this lawsuit because of the substantial counterclaim filed by SI which alleges that, "the patents in the suit were fraudulently obtained, and the lawsuit was brought by DEC with the knowledge that the patents should never have issued."[2] Although SI has deposed individuals who were more directly involved with the development of the patented technology, it asserts that there may still be someone at DEC who knows why the lawsuit was instituted, and it seeks to depose that person.

As stated by the Court in *Foremost Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128, 130 (N.D.Ill.1953):

It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

The reasoning applied in *Foremost, supra,* has been consistently followed in situations where discovery was sought concerning the initiation of a lawsuit. In all of the following cases cited, the motive behind the institution of the action was deemed not relevant to the subject matter involved pursuant to Fed.R.Civ.P. 26(b).[3] *See, Am-*

---

1. Motion for Protective Order (# 105) seeks to vacate the notice of deposition of Digital Equipment Corporation President, Kenneth Olsen. Motion for Protective Order (# 106) seeks to vacate the notice of deposition pursuant to Rule 30(b)(6) of Digital Equipment Corporation employees most knowledgeable concerning the decision to institute this lawsuit.

2. Defendant's Opposition to Plaintiff's Motions for Protective Orders, p. 1.

3. At the hearing concerning these motions, counsel for the defendant stated that he cited no cases supporting his position because it was apparent that an inquiry into motive was relevant. This, and other courts, clearly disagree.

*hearst Leasing Corporation v. Emhart Corporation,* 65 F.R.D. 121, 126 (D.Conn. 1974) where the *Foremost* reasoning was specifically relied upon when the defendant sought discovery of the events regarding the commencement of the lawsuit; *Sandler v. McGraw-Edison Company,* 92 F.R.D. 463 (S.D.Ohio 1981) where the court denied the motion to compel production of documents concerning the investigative committee and the various plaintiffs which may have addressed the issue of the purpose of the lawsuit; and *Cresswell v. Prudential-Bache Securities, Inc.,* 105 F.R.D. 64 (S.D. N.Y.1985) held that the defendant was not entitled to depose the plaintiffs with respect to conversations among the plaintiffs regarding the decision to initiate the lawsuit.[4]

■ In light of the unambiguous and persuasive majority trend, this Court adopts the rationale of *Foremost* and the subsequent decisions predicated thereon, and allows plaintiff's motion for a protective order.

Plaintiff also seeks a protective order precluding the deposition of the President of DEC, Kenneth Olsen. Defendant contends that it is necessary to depose Mr. Olsen concerning the initiation of the instant lawsuit. Although SI has previously inquired of lower level employees concerning the initiation of the lawsuit during depositions, they urge the Court to allow the deposition of Mr. Olsen to proceed because he was on the Operations Committee at DEC. The Operations Committee approved the initiation of this lawsuit.[5] Upon learning that Mr. Olsen was on the Operations Committee, the Court notes that at a depo-

sition of an employee of DEC, counsel for the defendant commented on the record, "Well, you've just guaranteed that we're going to waste one of his afternoons, also."[6]

The Plaintiff has moved for the protective order on the grounds of harassment and annoyance. In addition to Mr. Olsen's busy schedule, plaintiff states that the defendant has already deposed those people who were more directly involved with the development of the patented technology. Moreover, following the hearing, the Court received an affidavit from Mr. Olsen which essentially states that although he was the Chairman of the Operations Committee, he had "no recollection of any discussion with respect to Systems Industries, Inc."[7]

When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president is subject to deposition. *CBS, Inc. v. Ahern,* 102 F.R.D. 820 (S.D.N.Y.1984). Further, the general rule provides that a claimed lack of knowledge does not provide sufficient grounds for a protective order. *Amherst Leasing Corporation v. Emhart Corporation,* 65 F.R.D. 121, 122 (D.Conn.1974).

■ However, when the party noticing the deposition states in language so transpicuously clear that he is going to "waste" the time of the deponent as in the case *sub judice,* the Court cannot disagree with plaintiffs that the deposition was noticed for the purposes of harassment and annoyance. Accordingly, the motion for protective order seeking to vacate the notice of deposition of Mr. Kenneth Olsen is hereby allowed.[8]

---

4. There are two cases which have been consistently cited as an opposing view. *Schwartz v. Broadcast Music,* 16 F.R.D. 31 (S.D.N.Y.1954) has been called an "anomaly" in *Sandler v. Mc-Graw Edison, supra,* and "a single strand of authority" in *Amhearst Leasing, supra.* The court in *Stella v. Kaiser,* 87 F.Supp. 525, 526 (S.D.N.Y.1949) allowed an inquiry into the plaintiff's "good faith in bringing [the] suit" following a prior ruling in the same case concerning the materiality of plaintiff's good faith.

5. Defendant's Opposition to Plaintiff's Motions for Protective Orders, p. 9.

6. Defendant's Opposition to Plaintiff's Motions for Protective Orders, p. 9 citing deposition transcript of C. Gordon Bell, p. 26.

7. Declaration of Kenneth Olsen.

8. The Court also refers to the previous discussion concerning inquiry into the motive for instituting a lawsuit as an additional basis for allowing plaintiff's motion.

This Court finds it unnecessary to reach the issue of whether the information concerning the institution of the lawsuit is privileged as it is irrelevant on these facts.

The Court also denies defendant's request for attorneys fees and costs associated with the depositions which are the subject of this Order.

SO ORDERED.