## ZENITH RADIO CORPORATION v. DICTOGRAPH PRODUCTS CO., Inc.

### Civil Action No. 747.

District Court, D. Delaware.

Feb. 28, 1947.

See, D.C., 66 F.Supp. 473 for patents in suit.

Samuel E. Darby, Jr., of New York ICity, and E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., for plaintiff.

Walter H. Free, of New York City, and Arthur G. Connolly, of Wilmington, Del., for defendant.

LEAHY, District Judge.

1. The first group of interrogatories seeks to elicit from plaintiff whether it once made applications for patents for inventions which relate in any way to its hearing aid which is charged to infringe defendant's patents, and, if the answer be yes, to furnish defendant with copies of such applications or for plaintiff to provide defendant's counsel permission to obtain copies from the Patent Office. Defendant say it believes inspection of the applications will show they were for inventions covered by the patents in suit and that during the prosecution of the applications plaintiff took the position they constituted invention. There is a suggestion the applications were rejected as anticipated by defendant's patents in suit here. It is defendant's position that this admission of invention of the subject matter made by plaintiff in the proceedings before the Patent Office, prior to the suit at bar, is material to the inconsistent position of lack of invention now taken by plaintiff.

This court has on one occasion directed disclosure of an application,[3] but this was for the purpose of testing the credibility of the applicant. No such purpose is present here; if it was, the soundness of the practice is today questioned. Even if the answer to these interrogatories would be as defendant suspects, this one-time view of plaintiff as to the validity or the admission of validity of defendant's patents has little probative value in construing the grant of the monopoly found in the patents which have issued to defendant. An alleged infringer is not estopped (i.e., he can not be said to have made a declaration or an admission against his interest) to set up the defense of invalidity simply because he himself applied, unsuccessfully, for a patent covering the same claims. As stated in Paramount Publix Corp. v. Tri-Ergon Corp., 294 U.S. 464, 477, 55 S.Ct. 449, 455, 79 L.Ed. 997: "this Court has long recognized that such inconsistency affords no basis for an estoppel, nor precludes the court from relieving the alleged

[3] Floridin Co. v. Attapulgus Clay Co., D.C.Del., 26 F.Supp. 968.

infringer and the public from the asserted monopoly when there is no invention." [4]

2. The second group of interrogatories seeks to elicit the number of alleged infringing hearing-aid devices plaintiff has made and sold. Obviously, these interrogatories are directed to the damages which defendant seeks to recover.

 Moore, Federal Practice, p. 2640, in discussing when discovery procedures come into action, says: "Thus, in a patent suit, where the plaintiff seeks an injunction and an accounting the court will not ordinarily permit the plaintiff to inspect the defendant's books to obtain discovery on the question of damages, until after the question whether the plaintiff has a right to an accounting has been determined." This statement, in so far as my experience in the federal courts is concerned, has been traditional practice in matters of patent infringement.[5] Defendant admits this but contends that Congress, on August 1, 1946, by the enactment of Public Law 587, 35 U.S.C.A. § 70, made substantial revisions in § 4921 of the Revised Statutes. The former right to recover profits was taken from the statute and it was provided that "upon a judgment being rendered in any case for an infringement the complainant shall be entitled to recover general damages which shall be due compensation for making, using, or selling the invention, not less than a reasonable royalty therefor, together with such cost, and interest, as may be fixed by the court. * * * The court shall assess said damages, or cause the same to be assessed, under its direction and shall have the same power to increase the assessed damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case." Defendant argues that it was the intent of Congress to make it the rule to dispense with accounting proceedings before special masters in infringement cases.[6] Particular emphasis is placed upon the statement that: "The court shall * * * have the same power to increase the assessed damages * * * as is given * * * in actions in the nature of actions of trespass upon the case," since in the ordinary tort action the plaintiff must prove his damages as part of his case-in-chief. I accept defendant's interpretation of the amended statute in part. Clearly in the trial of an infringement suit evidence may be introduced in support of proof of damages as an integral part of the trial on the issues of validity and infringement; and there may be cases where such procedure should occur. But, the statute in unmistakable language states that "The court shall assess said damages, *or cause the same to be assessed,* (Emphasis added.)" From this it is clear that the traditional procedure of determining how much defendant has suffered has still been retained. Courts are still empowered to appoint masters, not to conduct accountings to ascertain profits but to hear and determine the amount of damages the owner of the patent is entitled to recover because of the infringement. The statute simply provides for two procedures. Evidence may be offered at the trial or post-trial in the event the court finds validity and infringement. I think whatever method of approach is to be had will depend upon the particular circumstances of each case and the disposition of each judge as to what is the more preferable procedure in each case. Here, I prefer to take up for consideration the technical questions concerning validity and infringement and leave to a later date the common law considerations of tort liability.

An order may be submitted sustaining plaintiff's objections to both sets of interrogatories.

---

[4] See Veaux v. Southern Oregon Sales, Inc. and cases cited therein, 9 Cir., 123 F.2d 455.

[5] E. g., Carter Bros. v. Cannon, D.C., 2 F.R.D. 174, that there should first be an adjudication of infringement before determining the question of damages. Cf. Anheuser Busch, Inc. v. Dubois Brewing Co., D.C., 3 F.R.D. 336, in cases of trade mark infringement; Ball v. Paramount Pictures, D.C., 4 F.R.D. 194, in cases of violation of the anti-trust laws.

[6] Senate Report No. 1503.