## LYOPHILE–CRYOCHEM CORPORATION et al. v. CHAS. PFIZER & CO., Inc.

### Civ. No. 7245.

District Court, E. D. New York.

June 9, 1947.

Rehearing Denied June 13, 1947.

Roger T. McLean, of New York City, for plaintiff (for the motions).

Alexander C. Neave, of New York City, for defendant (Albert R. Connelly and Furman Rinehart, both of New York City, of counsel), opposed.

BYERS, District Judge.

This matter arose on objections to plaintiffs' interrogatories as served and as proposed to be supplemented, touching defendant's sales of penicillin, and the profits therefrom; the penicillin according to plaintiffs' theory having been made according to a process disclosed in three Patents owned by plaintiffs. In other words, the case is at law for patent infringement, and damages are demanded, to be fixed by the jury.

The defendant objects to answering the interrogatories in advance of a determination of validity and infringement. Since the question would not have arisen in the case of a trial to the Court in the usual action for injunction, it is not apparent that the mere expedient of seeking a jury's verdict should be efficacious to now expose the defendant's records of costs and sales, under the guise of preparing to submit the necessary figures for the information of the jury. So much I ventured to observe at the argument on May 28th, last.

Under date of June 2nd, the plaintiffs have filed a supplemental motion by adding to the request that defendant's objections be determined, the following:

"And plaintiffs further move in the alternative pursuant to Rule 42(b) of the Rules of Civil Procedure [28 U.S.C.A. following section 723c] that this Court order a separate trial of the issue of the validity of United States Letters Patent Re. No. 20,969, 2,353,986 and 2,388,134 before a jury, and that the trial of all other issues in the action be deferred until the entry of a verdict on such issue of validity."

The defendant objects unless, to the issue of validity for separate trial, there be added the issue of infringement, and if that be done, it joins in the motion.

It seems evident that such must be the disposition, since validity and infringement must both be decided in plaintiffs' favor, before they can be interested in the subject of damages.

The motion for a separate trial of validity and infringement is granted. Defendant's objections to plaintiffs' interrogatories as propounded and as proposed are sustained, without prejudice to the right of the plaintiffs to have discovery touching defendant's sales and profits, if they shall recover a final judgment against the defendant on the questions of validity and infringement; final judgment to mean one that has become such by virtue of appellate review and affirmance, or the failure to take appeal within the statutory period, from a final judgment of this Court.

Settle order.

364

The "Petition for reconsideration" herein has been treated as a motion for reargument, based upon the failure of the Court to consider the case of Gasoline Products Co., Inc., v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188. The case has now been examined and is not believed to be in point. The counterclaim there was based upon an alleged breach of contract which had to be understood in connection with the asserted damages; here a tort is relied upon by the plaintiffs, which may or may not have been committed.

Whether the trial judge will be of the same mind that I am, and direct a separate trial of the questions of validity and infringement before the question of damages is reached, as he may do under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "in furtherance of convenience", will be for him to determine.

Clearly such *is* the course of convenience in the usual patent case in equity, and I should suppose it would be even more obviously so when the cause is to be tried to a jury.

Pending the decision of the trial judge on that subject and in the exercise of the power conferred upon the Court by Rule 33 to determine objections to interrogatories, I have decided, and adhere to the decision, that the plaintiffs must first demonstrate that the patent in suit is valid and has been infringed, before they can call upon the defendant to expose its records of costs, sales, etc., since it is legally possible that they will fail upon one or both issues, without ever reaching the question of damages.

The only other argument is that an innovation is thus brought to pass by this decision; possibly that is true, as I have found no other case in which a plaintiff chose to put himself in the position now asserted by the inquiring parties herein.

Motion for reargument denied.

Settle order.