**FALCON INDUSTRIES, Inc.**

v.

**R. S. HERBERT CO., Inc., et al.**
**Civ. A. No. 14128.**

United States District Court
E. D. New York.
April 28, 1954.

Alexander, Maltitz, Derenberg & Daniels, New York City, by Louis Kunin, Flushing, N. Y., for plaintiffs, for the motion.

Abraham J. Nydick, New York City, for defendants, in opposition.

RAYFIEL, District Judge.

The plaintiffs sue the defendants herein for patent infringement and unfair competition in the manufacture and sale of a pipe called "Falcon" by the plaintiffs and "Viking" by the defendants.

The plaintiffs now move for discovery of certain documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. in connection with the taking of the deposition of two of the individual defendants.

The defendants object to all of the items requested in the notice of motion except the last sentence of item A.

■ I agree with the plaintiffs' position that the Rules regarding examination, discovery and inspection should be liberally construed, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In my opinion they have shown good cause for their discovery and inspection as required by Rule 34.

■ However, I do not think that the plaintiffs, in a suit of this kind, are entitled to discovery as to the defendants' profits, distribution and sales until there has been an adjudication as to the merit of the plaintiffs' claim for patent infringement and unfair competition. Anheuser-Busch, Inc., v. Dubois Brewing Co., D.C., 3 F.R.D. 336; Lyophile-Cryochem Corporation v. Charles Pfizer & Co. Inc., D.C., 7 F.R.D. 362.

Accordingly, the defendants are required to comply with the following: The last sentence of "A"; "B"; "C"; "E," except the phrase "of profits in the production, distribution, and sale of Viking pipes complained of," "F" except the phrase "of profits between the corporate defendants and Henry, Leonard and Thomas and Mr. Henry Levitas," otherwise denied.

Settle order on notice.