ENGER-KRESS COMPANY, Plaintiff,

v.

AMITY LEATHER PRODUCTS CO. and Armour and Company, Defendants.

No. 55-C-99.

United States District Court
E. D. Wisconsin.

Dec. 2, 1955.

Marvin E. Klitsner, Fairchild, Foley & Sammond, and Arthur L. Morsell, Morsell & Morsell, Milwaukee, Wis., for plaintiff.

Gerrit D. Foster, Michael, Spohn, Best & Friedrich, Milwaukee, Wis., for defendant.

GRUBB, District judge.

Plaintiff brought suit for infringement of a patent and for unfair competition. The plaintiff submitted interrogatories to the defendants to which the defendants have filed objections. Plaintiff also made a motion for the produc-

tion of certain documents in the possession of the defendants.

The defendants contend that information requested by the plaintiff which relates to times prior to the issuance of the patent need not be furnished to the plaintiff, and also contend that information relating to damages is premature until the validity of the patent has been tested.

■ This Court has no jurisdiction over any actions either of patent infringement or of unfair competition prior in time to the date of the issuance of the patent. Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895, 898. The rule as to unfair competition is that the Court has jurisdiction over actions of unfair competition only insofar as the two causes of action are provable by *substantially the same facts.* Stark Bros. Nurseries & Orchards Co. v. Stark, 1950, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496; Slaymaker Lock Co. v. Reese, D.C.1938, 24 F. Supp. 69; Foster D. Snell, Inc., v. Potters, 2 Cir., 1937, 88 F.2d 611. The Circuit Court of Appeals for the Second Circuit has laid down a test to be applied as to the scope of unfair competition which may be considered in a patent case.

"Will the proof necessary to establish a federal claim be 'substantially identical' with that necessary to establish the nonfederal claim? That test, which is perhaps well enough, is not 'hard and fast'; the question is one of degree, but the allowable latitude, as the Supreme Court decisions go, is indeed narrow." Zalkind v. Scheinman, 1943, 139 F.2d 895, 900.

■■ Even though the Court has no jurisdiction to consider causes of action which occurred prior to the issuance of the patent, either with regard to patent infringement or unfair competition, this fact does not drop a legal curtain over events occurring prior to the issuance of a patent. The Rules of Civil Procedure, 28 U.S.C.A.. relating to discovery procedure are to be construed in *pari materia.* Rosseau v. Langley, D.C.N.Y.1945, 7 F.R.D. 170. It is a matter of general knowledge that the discovery procedure provided in the Federal Rules of Civil Procedure are extremely broad and are to be liberally applied. Rule 26(b) provides:

"Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Numerous cases have construed the language contained in Rule 26(b). A test for the application of Rule 26(b) is contained in Hercules Powder Co. v. Rohm & Hass Co., D.C.1943, 3 F.R.D. 302, 304:

"Unless it is palpable that the evidence sought can have no possible bearing upon the issues, the spirit of the new rules calls for every relevant fact, however, remote, to be brought out for the inspection not only of the opposing party but for the benefit of the court which in due course can eliminate those facts which are not to be considered in determining the ultimate issues."

■ The test of relevancy is that of relevancy to the subject matter of the case and not the narrow test of relevancy to the particular pleadings. Rose v. Bourne, Inc., D.C.1953, 15 F.R.D. 362.

In Foremost Promotions, Inc., v. Pabst Brewing Co., D.C.Ill.1953, 15 F.R.D. 128, 129, the court held:

> " ' "Relevant" as used in Section 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not to be equated with "relevant" as ordinarily used in determining admissibility of evidence upon a trial.' "

It has also been held that aside from the discovery of information which *may* lead to admissible evidence, Rule 26 also contemplates broad discovery of information which may be useful in preparation for trial. Rose v. Bourne, Inc., supra. Lewis v. United Air Lines Transport Corp., D.C.1939, 27 F.Supp. 946.

■ The contention of the defendant that the validity of the patent should be established before the question of damages is taken up seems sustained by the cases. See Carter Bros., Inc. v. Cannon, D.C.1941, 2 F.R.D. 174, 175; Zenith Radio Corp. v. Dictograph Products Co., D.C.1947, 6 F.R.D. 597. In Lyophile-Cryochem Corp. v. Chas. Pfizer & Co., Inc., D.C.1941, 7 F.R.D. 362, 364, the court said:

> " * * * plaintiffs must first demonstrate the patent in suit is valid and has been infringed, before they can call upon the defendant to expose its records of costs, sales, etc. * * * "

In 4 Moore, Federal Practice, page 1072, the author states:

> "Thus in a patent infringement suit, where the plaintiff seeks an injunction and an accounting, the court will not ordinarily permit the plaintiff to obtain discovery on the question of damages, until after the question whether the plaintiff has a right to an accounting has been determined."

## Interrogatories to Armour and Company

With regard to interrogatories Nos. 1 and 2, the Court feels that the answers given are all that the defendant is required to disclose. Defendant, Armour and Company, is ordered to answer interrogatories Nos. 3 through 8, inclusive. Interrogatory No. 10, since it relates to a matter of damages, need not be answered by the defendant, Armour and Company, at this time. Defendant has answered the remaining interrogatories.

## Interrogatories to Amity Leather Products Company

Interrogatory No. 1 has been answered sufficiently by the defendant. Answer to interrogatory No. 2 has been waived by the defendant for the time being. Interrogatories Nos. 3 through 7, inclusive, are to be answered by the defendant, Amity Leather Products Company. Interrogatory No. 8 need not be answered by the defendant because it is a matter which relates to a question of damages.

■ Plaintiff's motion for the production of documents is hereby denied without prejudice to bringing a new motion within the limits of the foregoing decision. The Court feels that the request for documents, including the five classifications of documents sought, is, in its present form, too broad for the following reasons: (1) Documents relating to damages are intermingled with documents which might otherwise be of legitimate use to the plaintiff; (2) documents relating to the charge of unfair competition are intermingled with documents relating to patent infringement; and (3) relevant documents are intermingled with documents which are not relevant to this case.

Plaintiff's counsel may prepare an order in accord with this opinion and submit it to the defendant for approval as to form only.