**PORTSMOUTH BASEBALL CORPORA-
TION, a corporation of Virginia,
Plaintiff,**

v.

**Ford C. FRICK, Commissioner of Base-
ball, et al., Defendants.**

United States District Court
S. D. New York.
July 12, 1956.

See also D.C., 18 F.R.D. 430.

Garey & Garey, New York City, James P. McGranery, Leonard J. Emmerglick, Washington, D. C., of counsel, for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, New York City, and Edgar P. Feeley, Mark F. Hughes, Louis F. Carroll, New York City, of counsel, for defendant National Exhibition Co.

LEVET, District Judge.

Defendant National Exhibition Company has moved for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U. S.C.A. This is an action by a corporation which owns a minor league baseball club against the Commissioner of Base-

ball and the owners of the various major league baseball clubs. Plaintiff seeks damages for an alleged breach of contract by said defendants in that they have "appropriated the territory of the plaintiff, as well as of others similarly situated" by reason of broadcasts and telecasts of major league baseball games "into the territory covered by the plaintiff's franchise." Plaintiff alleges that said conduct "has substantially reduced paid attendance at baseball games played by the plaintiff's baseball team in its league, to the great financial damage of the plaintiff, and threatens to make impossible the profitable continuation of Minor League competition and exhibition by the plaintiff and the League of which plaintiff is a member and the continued enjoyment of the plaintiff's franchise, investment and contractual rights."

All but two of the paragraphs contained in defendant's notice of motion to produce documents have been agreed upon by counsel for the parties. The two remaining matters are disposed of as follows:

Paragraph 1(b) calls for "All letters, correspondence, teletype messages, telegrams, reports, memoranda, notes, bulletins, inter-office memoranda, logs, records, written speeches or addresses, diaries and communications or writing of every sort, or copies thereof, written, prepared or originated or received by Portsmouth Baseball Corporation, Frank D. Lawrence or any other officer, representative or employee of Portsmouth Baseball Corporation from September 28, 1950 through May 16, 1956 concerning, referring to, involving or relating in any way to * * * (b) The decision to commence this action and the filing thereof * * * "

■■ A motion for the production of documents pursuant to Rule 34 must designate the documents with particularity and the probable relevancy and materiality of said documents. See 4 Moore's Federal Practice, 2d Ed. ¶ 34.07. In the instant case, it does not appear that the decision to commence this action has any probable relevancy to the issues involved herein or is material thereto. Furthermore, the blanket requirement for the production of the aforementioned documents places an oppressive burden on plaintiff and is too broad in scope. See United States v. Schine Chain Theatres, Inc., D.C.W.D.N. Y., 1942, 2 F.R.D. 425. Plaintiff's objection to Paragraph 1(b) is sustained.

■ Paragraph 6 calls for "Any contract or agreement concerning or relating to the radio broadcasting or telecasting of Piedmont League games from September 28, 1950 through May 16, 1956." The documents called for in this paragraph relate to the allegation in the complaint concerning the "great financial damage" and threat to plaintiff's "contractual rights" and are material to the issue of damages. The production of these documents may assist the defendants in the preparation of their defense with respect to said issue. Therefore, plaintiff's objection to Paragraph 6 is overruled.

Settle order on notice.