**J. Paul DONOHUE, Plaintiff,**

v.

**The W. W. SLY MANUFACTURING COMPANY, Defendant.**

Civ. No. 31386.

United States District Court
N. D. Ohio, E. D.

Oct. 29, 1956.

Robert M. Weh, Cleveland, Ohio, Arthur G. Connolly, Wilmington, Del., for plaintiff.

A. J. Hudson, S. J. Boughton, Sheldon S. Reynolds, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

The defendant objects to certain interrogatories propounded by the plaintiff on the ground that they seek discovery as to damages prior to the determination of patent infringement.

Defendant, cites a case which contains the general principles applicable to discovery as to damages, though not one of patent infringement. Reference is made here to the case of Sinclair Refining Co. v. Jenkins Petroleum Process Co., 1933, 289 U.S. 698, 53 S.Ct. 736, 737, 77 L.Ed. 1449, where the Court states:

> "There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. * * *

> "A different situation is presented where the action is at law and is triable by judge and jury. There interlocutory judgments are unknown * * *. In such circumstances damages may be proved with the aid of a discovery, if the complication of accounts or other practical impediments make it necessary that the evidence be sifted in advance. * * *

> "To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion. * * * It is all a matter of discretion. * * *"

The objections to interrogatories will be denied.