POLAROID CORPORATION, Plaintiff,

v.

COMMERCE INTERNATIONAL CO., Inc., Polalite Corporation, International Scientific Research Corp., National Film Service, Inc., Sotiris G. Fassoulis and Matthew Fox, individually and as co-partners doing business under the firm name and style of Commerce International Mfg. Co., Defendants.

United States District Court
S. D. New York.
June 14, 1957.

Silver, Saperstein & Barnett, New York City, for plaintiff, Isaac M. Barnett, Tibor Sallay, New York City, of counsel.

Cole, Grimes, Friedman & Deitz, New York City, for defendant, National Film Service, Inc., Herbert J. Deitz, Howard A. Heffron, New York City, of counsel.

LEVET, District Judge.

Defendant, National Film Service, Inc., makes this motion for (1) an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. prohibiting plaintiff from examining into the subject of damages before defendant's liability is established, and (2) an

order under Rule 45(b) quashing a subpoena duces tecum issued by plaintiff in connection with the pretrial examination of the defendant.

The complaint alleges that the defendants herein were connected with certain parties against whom plaintiff obtained a judgment of infringement with respect to three patents and that the defendants in the instant case have also infringed said patents and are, therefore, bound by such judgment. Plaintiff's first cause of action is for an injunction and an accounting for profits. The second cause of action is at law against all the defendants except National Film Service, Inc., for damages as a result of an alleged conspiracy to infringe plaintiff's patents.

■ Rule 30(a) of the Federal Rules of Civil Procedure authorizes a court to circumscribe the scope of a pretrial examination in order to avoid the time and expense involved in an inquiry into matters which may prove to be unnecessary. An order limiting the scope of examination is appropriate in a patent suit where the issues of liability and damages are usually tried separately. This point was graphically stated in volume 4 of Moore's Federal Practice, at page 1,072 as follows: "Thus in a patent infringement suit, where the plaintiff seeks an injunction and an accounting, the court will not ordinarily permit the plaintiff to obtain discovery on the question of damages, until after the question whether the plaintiff has a right to an accounting has been determined." The federal courts have generally followed this procedure. Enger-Kress Co. v. Amity Leather Products Co., D.C.E.D. Wis.1955, 18 F.R.D. 347; Falcon Industries, Inc., v. R. S. Herbert Co., Inc., D.C.E.D.N.Y., 1954, 15 F.R.D. 394; Ful-Vue Sales Co. v. American Optical Co., D.C.S.D.N.Y., 1951, 11 F.R.D. 185; Lyophile-Cryochem Corporation v. Chas. Pfizer & Co., Inc., D.C.E.D.N.Y., 1947, 7 F.R.D. 362; Zenith Radio Corporation v. Dictograph Products Co., Inc., D.C. Del., 1947, 6 F.R.D. 597; Carter Bros.,

Inc., v. Cannon, D.C.E.D.Tenn., 1941, 2 F.R.D. 174.

■ Plaintiff argues that the general rule of limiting examination with respect to the issue of damages is inapplicable here because the validity of the patents in question and the liability of certain parties have already been adjudicated in Marks v. Polaroid Corporation, D.C.Mass., 1955, 129 F.Supp. 243, affirmed 1 Cir., 1956, 237 F.2d 428, certiorari denied 352 U.S. 1005, 77 S.Ct. 564, 1 L.Ed.2d 550. Although the validity of plaintiff's patents has been established in the aforementioned case, there still remains to be determined whether or not the defendants in the instant case were privies to parties in that suit and whether the defendant, National Film Service, Inc., is liable to the plaintiff for the alleged infringement. Until said defendant's alleged liability to plaintiff is determined, it may not be examined by plaintiff with respect to the issue of damages. Defendant's motion for an order prohibiting inquiry by the plaintiff into the subject of damages is granted.

The subpoena duces tecum which the defendant seeks to have quashed calls for "All records, documents, books, memoranda, correspondence and other papers in the possession of or under the control of the defendant, National Film Service, Inc., containing, reflecting or otherwise alluding to any information or facts received by or otherwise known to the defendant, National Film Service, Inc., its employees, agents or servants * * *" Manifestly, it constitutes a very broad and sweeping demand which is not generally allowed, especially when not relevant to issues in the case. See Portsmouth Baseball Corporation v. Frick, D.C.S.D.N.Y., 1956, 19 F.R.D. 195. However, where the documents sought are relevant and material to the subject matter of the action and they are adequately described by categories, it has been held that the requirements of good cause and certainty of description are satisfied de-

spite the seemingly non-specific description. Connecticut Mutual Life Insurance Co. v. Shields, D.C.S.D.N.Y., 1955, 17 F.R.D. 273; Demeulenaere v. Rockwell Mfg. Co., D.C.S.D.N.Y., 1952, 13 F.R.D. 134.

The subpoena duces tecum in the instant case contains a list of categories immediately following the broad introductory language and sufficiently modifies the demand so as to describe adequately the documents in question. The categories numbered 1 through 6 inclusive relate to issues raised by the pleadings and support plaintiff's right to the production of these documents. However, the documents included within the last two categories, namely 7 and 8, relate to the issue of damages and, therefore, need not be produced prior to the determination of defendant's liability.

Accordingly, defendant's motion for an order quashing the subpoena duces tecum is denied, but said subpoena is hereby modified by the deletion of categories numbered 7 and 8.

So ordered.