474

Gustave BUTZE, Plaintiff,

v.

T. J. W. CORPORATION and Penn
Columbia Corporation, Defendants.
Civ. A. No. 7318.

United States District Court
M. D. Pennsylvania.
Feb. 15, 1962.

Folz, Bard, Kamsler, Goodis & Green-
field, Philadelphia, Pa., McNees, Wallace
& Nurick, Harrisburg, Pa., for plaintiff.

Smith, Eves & Keller, Bloomsburg, Pa.,
for defendants.

FOLLMER, District Judge.

This matter is before the Court on mo-
tion of plaintiff for production, inspec-
tion and copying of documents pursuant
to Rule 34 of the Federal Rules of Civil
Procedure, 28 U.S.C.A.

Basically, suit was instituted by plain-
tiff, a resident of Florida and a minority
stockholder in defendant, T. J. W. Cor-
poration. The complaint averred that de-
fendant, T. J. W. Corporation is a Penn-
sylvania corporation, and defendant,
Penn Columbia Corporation, is a New
York corporation; that defendants failed
to comply with the provisions of the
Pennsylvania Business Corporation Law
of 1933 with respect to mergers; that
the transfer of the assets of defendant,
T. J. W. Corporation, to defendant, Penn
Columbia Corporation, constituted a de
facto merger. Plaintiff seeks a determi-
nation of the fair value of his shares in
T. J. W. Corporation. To this end he
moves under Rule 34, Federal Rules of
Civil Procedure, for leave to inspect cer-
tain corporate records of defendant cor-
porations. Defendants oppose the mo-
tion on the theory that until there has
been a judicial determination that there
was a de facto merger of the defendant
corporations production of such docu-
ments is not pertinent.

Rule 34, supra, provides that:

"Upon motion of any party show-
ing good cause therefor and upon
notice to all other parties, and sub-
ject to the provisions of Rule 30(b),
the court in which an action is pend-
ing may (1) order any party to pro-
duce and permit the inspection and
copying or photographing, by or on
behalf of the moving party, of any
designated documents, papers, books,
accounts, letters, photographs, ob-
jects, or tangible things, not privi-
leged, which constitute or contain
evidence relating to any of the mat-
ters within the scope of the examina-
tion permitted by Rule 26(b) and
which are in his possession, custody,
or control; or (2) order any party
to permit entry upon designated land
or other property in his possession
or control for the purpose of in-
specting, measuring, surveying, or
photographing the property or any
designated object or operation there-

on within the scope of the examination permitted by Rule 26(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

In the instant case, there are no open market quotations on which some idea could be made available as to the value of this stock. Plaintiff had no choice other than to accept the corporate offer or to attempt to establish the real value of the stock. To do this he must of necessity rely on books and records which are in the exclusive control of defendants.

In Reynolds v. United States, 3 Cir., 192 F.2d 987, 991–992, the Court said, inter alia: "The question * * *, in every such case is whether special circumstances make it essential to the preparation of the party's case to see and copy the documents sought." In United States v. Lever Brothers Company et al., D.C.S.D.N.Y., 193 F.Supp. 254 (1961), the Court said:

> " * * * As the Supreme Court noted in Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, ' * * * the deposition-discovery rules are to be accorded a broad and liberal treatment * * *. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.' * * *

> "In the instant case, it is apparent that Lever has made the necessary showing that the information and documents sought are not only highly material and relevant to the issues in the case, but also are absolutely necessary to the preparation of its defense."

So it is with plaintiff in this case. Under the present Federal procedure great importance is given to the significant contribution made by thorough and adequate pre-trial procedures and hearings before the Court toward the expeditious determination of cases listed. Piecemeal determination of the several issues, to wit: liability and then damages is a relic of horse and buggy days.

The plaintiff is perfectly in order in making the instant motion for inspection of documents. An appropriate Order will be entered.