**Norman KLAUDER, Trustee in Bankruptcy for Adrian Research and Chemical Co., Inc., Bankrupt,**

v.

**MINNEAPOLIS–HONEYWELL REGULATOR CO.**

**Civ. A. No. 27465.**

United States District Court
E. D. Pennsylvania.

Feb. 23, 1962.

Richard E. McDevitt, Mercer D. Tate, Montgomery, McCracken, Walker & Rhoads, Robert C. Grasberger, Philadelphia, Pa., for plaintiff.

Perry S. Bechtle, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

LUONGO, District Judge.

Before the Court are defendant's objections to plaintiff's interrogatories Nos. 1 and 2. Defendant originally objected to a number of the interrogatories but all save the two above-mentioned have been resolved by the parties themselves. Defendant's objection to these remaining interrogatories is on the ground of relevancy only, its claim of oppressiveness having been abandoned.

Plaintiff's complaint is in four counts. On the first two, plaintiff seeks damages for allegedly defective humidity control units sold to Adrian Research and Chemical Co., Inc. for use in conjunction with Adrian's products. The first two counts are based on breach of warranty and negligence. In the third and fourth counts, plaintiff alleges that, in an effort to eliminate the cause of the numerous complaints which Adrian had received as a result of the allegedly defective condition of the humidity control units, Adrian expended large amounts of time, labor and money to bring about a substantial improvement in the humidity control unit. Plaintiff charges defendant, in counts three and four with unauthorized appropriation of trade secrets and unjust enrichment and seeks an accounting from defendant of the profits realized by defendant from the improvement. Plaintiff alleges that the improvement effected by Adrian was incorporated by defendant in defendant's devices Vapo-jector and Vapo-lator.

Interrogatories Nos. 1 and 2 request sales data of the Vapo-jector and Vapo-lator devices by defendant from January 1, 1955. Defendant objects on the ground that this information is relevant only to the issue of damages and, since an accounting is sought, asserts that the interrogatories are improper until plaintiff has established his right to recover.

■ In our consideration of this matter it is clear that we are in an area committed to judicial discretion. Sin-clair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); Hayden v. Chalfant Press, Inc., 281 F.2d 543 (9th Cir., 1960). While discovery as to damages is as much available to a party as discovery on the merits of the claim, it is customary where a suit is triable in separate parts, one affecting liability and the other the amount of recovery, to postpone discovery as to damages until liability has been determined. This division happens most frequently in equity and non-jury suits seeking to establish the existence of a partnership or to restrain the infringement of a patent, and results in interlocutory decrees followed by an accounting. Sinclair Refining Co. v. Jenkins Petroleum Process Co., supra.

■ However, the practice is otherwise in an action at law triable by judge and jury. The latter are usually tried as a unit and not broken into separate proceedings even though there may be a time interval between the determination of the various issues involved. Even in an action at law, however, discovery is a matter of discretion and will not be permitted where is is oppressive or where it is used merely to obtain secret information from a competitor. Sinclair Refining Co. v. Jenkins Petroleum Process Co., supra.

Of the numerous cases where discovery on damages was postponed until the "right" to damages had been determined, most have been patent and trademark infringement cases seeking equitable relief in the form of an injunction and an accounting and have been triable to a court without a jury. Polaroid Corporation v. Commerce International Co., Inc., 20 F.R.D. 394 (D.C.S.D.N.Y.1957); J. R. Wood and Sons, Inc. v. Reese Jewelry Corporation, 19 F.R.D. 391 (D.C.S.D. N.Y.1956); Enger-Kress Company v. Amity Leather Products Co., 18 F.R.D. 347 (D.C.E.D.Wisc.1955); Falcon Industries, Inc. v. R. S. Herbert Co., Inc., 15

F.R.D. 394 (D.C.E.D.N.Y.1954); Zenith Radio Corporation v. Dictograph Products Co., Inc., 6 F.R.D. 597 (D.C.D.Del. 1947); Anheuser-Busch, Inc. v. Dubois Brewing Co., 3 F.R.D. 336 (D.C.W.D.Pa. 1943); Carter Bros., Inc. v. Cannon, 2 F.R.D. 174 (D.C.E.D.Tenn.S.D.1941); Boysell Co. v. Colonial Coverlet Co., Inc., 29 F.Supp. 122 (D.C.E.D.Tenn.S.D. 1939); Looper v. Colonial Coverlet Co., Inc., 29 F.Supp. 125 (D.C.E.D.Tenn.S.D. 1939); Unlandherm v. Park Contracting Corporation, 26 F.Supp. 743 (D.C.S.D. N.Y.1938).

The principle was stated in O'Rourke v. RKO Radio Pictures, Inc., 27 F.Supp. 996, 997 (D.C.D.Mass.1939):

"Since this is an action in equity with no need for framing issues for a jury, the court deems it inadvisable to go into the question of damages until after liability has been determined."

One explanation of the approach to discovery in patent cases where an injunction is sought is that the decision on the issue of infringement may be tested on appeal without first securing an accounting and a money judgment. Since piecemeal appellate review is ordinarily unavailable in other actions, e. g. breach of contract or negligence, the same approach to discovery is not necessarily advisable. Hirshhorn v. Mine Safety Appliances Co., 8 F.R.D. 11 (D.C. W.D.Pa.1948).

Where, however, injunction against infringement is not sought, but damages only are demanded, discovery as to damages has been permitted before a determination of plaintiff's right to recover. Harvey v. Levine, 25 F.R.D. 15 (D.C.N.D. Ohio E.D.1960); Donohue v. W. W. Sly Manufacturing Company, 20 F.R.D. 20 (D.C.N.D.Ohio E.D.1956); Binger v. Unger, 7 F.R.D. 121 (D.C.S.D.N.Y.1946); Brewster v. Technicolor, Inc., 2 F.R.D. 186 (D.C.S.D.N.Y.1941); Berke v. United Paperboard Co., Inc., 26 F.Supp. 412 (D.C.S.D.N.Y.1938). Contra, Lyophile-Cryochem Corporation v. Chas. Pfizer & Co., Inc., 7 F.R.D. 362 (D.C.E.D.N.Y. 1947).

In Fox v. House, 29 F.Supp. 673 (D.C. E.D.Okl.1939) an action for an accounting decided shortly after the adoption of the Federal Rules, the Court in a clear exposition of its position, permitted discovery on damages before plaintiff's right to the accounting had been determined. The following language is pertinent to the issue before us:

"One of the purposes of the rules of discovery is to enable any party to obtain information, as well as evidence, that will aid in preparation for trial. Preparation for trial means preparation on all phases of the case. If there is to be a *speedy* disposition of the case this preparation should begin in the early stages and should not be by piecemeal. Although in an accounting action the court must first determine that plaintiffs are entitled to an accounting there is no reason why the proceedings should stop to enable the parties to prepare for the actual accounting. Neither is there any good reason why a plaintiff should be deprived of otherwise available information on the accounting feature until the right has been established. He should be permitted to ascertain if an accounting would be worthwhile. It would avail him but little to establish his right and then discover that his work and victory has no reward. The work of the court would be wasted if after the right to an accounting has been decreed, the plaintiff discovered that the actual accounting would be fruitless and would then ask to dismiss the proceeding * * *. The parties should be permitted to proceed in their own way under proper limitations to prepare for trial upon all the issues in the case. * * * Of

course this procedure has its limitations but until such time as it is apparent that the purpose is unreasonably to annoy, embarrass or oppress the deponent or a party to the action and that the proceeding is in bad faith a liberal interpretation of the rules requires that the court refrain from attempting to limit the parties." Fox v. House, supra, at page 676.

■ Consideration of the foregoing cases, especially the rationale of the Fox case, persuades us to require answers to the interrogatories in question. The matter before us is to be tried to a jury, and it is not, in our view, upon its face of such nature as to impel two completely separate and distinct proceedings.

All discovery should be completed prior to trial to allow the trial judge the maximum latitude upon the trial of the case. We observe that there are in this complaint several counts seeking damages and, since the requested accounting is merely one aspect of the case, it may be possible to dispose of the entire matter in one proceeding, albeit by separate submissions to the jury.

The trial judge in his discretion, may prefer to separate completely the issues of liability and damages, he may elect to refer the matter of damages to a master, or he may interrupt the proceedings with a short delay and then submit the issue of damages to the same jury which decided the question of liability, or perhaps, through the use of discovery the parties may be in a position to proceed with their respective proofs on damages immediately following the determination of the right to an accounting. Bearing all of these possibilities in mind, and to afford the trial judge the broadest scope in the exercise of his discretion, we exercise our discretion to dismiss defendant's objections to interrogatories Nos. 1 and 2.