**FAIRCHILD STRATOS CORPORATION,**
**Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
June 19, 1962.

Darby & Darby, New York City, for plaintiff. Morris Relson, Robert R. Keegan, New York City, of counsel.

Burgess, Ryan & Hicks, New York City, for defendant. H. H. Hamilton,

New York City, of counsel. Edward A. Haight, of Haight, Lockwood, & Simmons, Chicago, Ill., of counsel.

FEINBERG, District Judge.

Defendant General Electric Company ("GE") has moved for an order directing separate trials on the issues of liability and damages and a protective order staying discovery as to damages pending the determination of liability. Rules 42(b) and 30(b), Fed.Rules Civ.Proc. 28 U.S.C.

The underlying action is a suit for damages filed October 3, 1961, in which jury trial has been demanded by plaintiff, Fairchild Stratos Corporation ("Fairchild"). Fairchild alleges that GE infringed a patent for a compressor granted to Fairchild's assignor in 1945. Fairchild seeks damages of not less than a reasonable royalty trebled, costs, and attorneys' fees. 35 U.S.C. §§ 284, 285. No other relief is sought. Defendant raises the issues of validity and infringement in its answer filed December 29, 1961.

■ Plaintiff suggests that the motion for separate trials, which was heard on June 5, 1962, has been made prematurely. On the bare record presently before the Court, plaintiff's contention is well taken. Whether economy and equity would dictate a single or separate trials cannot be determined at this early stage. The matter might profitably be explored at a pre-trial conference under Rule 13 of the Calendar Rules; perhaps the discretion of the trial judge should ultimately be invoked. Klauder v. Minneapolis-Honeywell Regulator Co., 30 F.R.D. 29,

32 (E.D.Pa.1962); Lyophile-Cryochem Corp. v. Charles Pfizer & Co., 7 F.R.D. 362, 364 (E.D.N.Y.1947) (both parties sought separate trial). But certainly the decision should not be made, without further clarification of the ultimate trial issues, at a date which anticipates actual trial by what may be several years.

■ With regard to the motion to limit discovery, the general rule is that damages are part of the "issues" in an action which may be the subject of plaintiff's discovery, subject to the discretion of the Court.[1] An exception has developed, however, in patent infringement suits in which plaintiff seeks an injunction and an accounting; in such cases, discovery on the issue of damages is often refused until after the right to an accounting has been determined.[2] However, when the patent infringement action is a simple suit for damages, particularly if a jury trial has been demanded, discovery as to damages is allowed prior to trial.[3] While defendant's motion is addressed to the Court's discretion, it has urged no circumstances which would persuade me to follow another course. Plaintiff does not compete with defendant in the area involved in the suit. Furthermore, it is willing to comply with a protective order which would bar disclosure of trade secrets to the detriment of defendant.[4] See Harvey v. Levine, 25 F.R.D. 15 (N.D.Ohio 1960). The specific interrogatories presently before the Court are neither burdensome nor oppressive. Defendant's objection to plaintiff's interrogatories 8 and 12 is overruled. They are to be answered within a reasonable time, subject to a protective

1. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933). See Butze v. T. J. W. Corp., 29 F.R.D. 474 (M.D.Pa. 1962).

2. See 4 Moore, Federal Practice 1071–1075 (2 Ed. 1950) and authorities cited therein.

3. Klauder v. Minneapolis-Honeywell Regulator Co., 30 F.R.D. 29 (E.D.Pa.1962);

Donohue v. W. W. Sly Manufacturing Co., 20 F.R.D. 20 (N.D.Ohio 1956); Binger v. Unger, 7 F.R.D. 121 (S.D.N.Y. 1946). See Orgel v. Clark Boardman Co., 20 F.R.D. 31, 32 (S.D.N.Y.1956). Cf. Idle Wild Farm v. W. R. Grace & Co., 22 F.R.D. 334 (S.D.N.Y.1958) (defendant's discovery).

4. Plaintiff's memorandum in opposition, p. 8.

order agreeable to the parties. If the parties are unable to agree on the terms of an order, they may apply to the Court for further relief.

Settle order on notice accordingly.