THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Faint

September 6, 2024

Cancellation No. 92074468

*NHDNC LLC*

*v.*

*Velcro BVBA and Velcro IP Holdings LLC*

**Before Shaw, Deputy Chief Administrative Trademark Judge, and Heasley and Johnson, Administrative Trademark Judges.**

**By the Board:**

Respondents move to bifurcate this cancellation proceeding into two phases: first, determining if Petitioner is entitled to maintain a statutory cause of action, and second, if necessary, determining if Petitioner has proven its sole claim of genericness. For the reasons discussed more fully below, the motion to bifurcate is **granted**.

### I. Background

Petitioner seeks to cancel Respondents' registration for the typed mark VELCRO,[1] alleging that the relevant public understands the term to be the name of goods.

---

[1] Registration No. 1027417, registered December 16, 1975 on the Principal Register for "separable fasteners-namely, hook and loop-type fasteners and components thereof," in International Class 26, claiming dates of first use anywhere and in commerce of 1956. A notice of acceptance under Section 8 and registration renewal under Section 9 was entered

During the course of this proceeding, Petitioner has amended its petition to cancel several times in an attempt to adequately plead entitlement to a statutory cause of action. In the original petition to cancel, Petitioner alleged ownership of an application, filed five days before its petition to cancel, to register the standard character mark VELCRO for "velcro fasteners; separable fasteners, namely, velcro type fasteners and components thereof."[2] In response to Respondents' first motion to dismiss, Petitioner filed an amended pleading alleging that it "has been developing plans to sell separable fasteners."[3] Respondents filed a second motion to dismiss the amended pleading, which the Board granted, determining that Petitioner's "speculative future business" did not sufficiently allege entitlement to a statutory cause of action.[4]

On January 27, 2021, Petitioner filed a new application to register the composite mark  for hook and loop fasteners, and a second amended petition relying on that application that same day.[5] Respondents filed a third motion to dismiss, but

---

April 29, 2016. A mark depicted as a typed drawing is the legal equivalent of a standard character mark. *See In re Viterra Inc.*, 671 F.3d 1358, 1363 n.2 (Fed. Cir. 2012).

[2] Application Serial No. 88944535, filed June 2, 2020 based on intent to use the mark in commerce. The application abandoned on August 10, 2020.

[3] 5 TTABVUE 3. The amended pleading did not refer to Petitioner's previously pleaded application, which was expressly abandoned the next day.

[4] 10 TTABVUE 5-6.

[5] Application Serial No. 90491805 based on intent to use the mark in commerce. The mark description states: "The mark consists of the stylized wording 'SPORT VELCRO WHOLESALERS' and design. The design consists of a square and within the square at the top left is the term 'SPORT' and at the top right is the design of a hook. Below the term

the Board determined the pleading sufficiently alleged entitlement for pleading purposes in view of the newly filed application because "[a] party's reasonable belief that registration of its application will be refused because of defendant's registration provides a proper basis for entitlement to a cause of action." 18 TTABVUE 4 (citing *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1029 (CCPA 1982); *ShutEmDown Sports, Inc. v. Lacy*, Can. No. 92049692, 2012 TTAB LEXIS 44, at *20 (TTAB 2012)).[6]

The Board further noted, "Respondent, however, may attack the legitimacy of Petitioner's assertion in the newly pleaded application that it has a bona fide intent to use the pleaded mark in commerce." 18 TTABVUE 5 n.5. Respondent did just that by filing a motion for summary judgment challenging, inter alia, Petitioner's entitlement. On December 4, 2023, the Board ruled that: 1) based on Petitioner's newly filed application, there was "no genuine dispute of material fact that Petitioner

---

'SPORT' is a stylized square with loops at each angle[,] to the right of the stylized square design is the term 'VELCRO.' Below the stylized square and the term 'VELCRO' is the term 'WHOLESALERS'." Applicant has disclaimed "the design of a hook and 'SPORT' and 'WHOLESALERS.'"

[6] This order cites decisions of the U.S. Court of Appeals for the Federal Circuit and the U.S. Court of Customs and Patent Appeals by the page(s) on which they appear in the Federal Reporter (e.g., F.2d, F.3d, or F.4th). For decisions of the Board, this order employs citations to the LEXIS legal database and cites only precedential decisions, unless otherwise specified. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 101.03 (2024).

Precedential decisions of the Board, and precedential decisions of the Federal Circuit involving Board decisions that issued January 1, 2008 or after, may be viewed in TTABVUE by entering the proceeding number, application number, registration number, expungement/reexamination number, mark, party, or correspondent. Many precedential Board decisions that issued from 1996 to 2008 are available online from the TTAB Reading Room by entering the same information. Most TTAB decisions that issued prior to 1996 are not available in USPTO databases.

has demonstrated an interest falling within the zone of interests protected by the statute, and a reasonable basis for its belief of damage proximately caused by continued registration of Respondent's mark;" but 2) "[t]he evidence is sufficient to raise a genuine dispute of material fact as to Petitioner's bona fide intent" and "a genuine dispute of material fact exists as to whether Petitioner is entitled to a statutory cause of action." Thus, the issue of whether Petitioner could prove its bona fide intent, and hence its entitlement to maintain this cancellation proceeding, remained for trial.

In view of the many contentious motions filed in this proceeding, the Board determined that the case was suitable for the Board's Final Pretrial Conference Pilot program.[7] The Board held a Pretrial Conference orientation telephone conference with the parties on February 2, 2024. During that conference, in view of the continuing issue as to Petitioner's entitlement to a statutory cause of action, the Administrative Trademark Judge assigned to the conference suggested to the parties that they could streamline this case by entering into a stipulation for bifurcation of the issues, so that entitlement would be decided first.[8] The Board advised the parties to "discuss this potential stipulation" as part of their preparation of the final pretrial conference order, and report back to the Board.[9] The parties filed separate reports

---

[7] Information about the Final Pretrial Conference Pilot may be found here: https://www.uspto.gov/trademarks/trademark-trial-and-appeal-board/final-pretrial-conference-pilot.

[8] 78 TTABVUE 3.

[9] *Id.* at 4.

with the Board; Petitioner stated it did not wish to stipulate to bifurcation, whereas Respondents did. While Petitioner "considered the matter and submitted its position" to the Board, it did not follow the Board's instructions to discuss the matter with Respondents as part of its preparation of a Final Pretrial Conference Order.[10]

Respondents then filed their motion to bifurcate.

## II. Motion to Bifurcate

Respondents argue that bifurcation would streamline this case and not prejudice Petitioner, which must prove its entitlement no matter how this proceeding is structured. By deciding this threshold issue the parties, and the Board, may potentially save significant time and resources.

Petitioner contends the motion to bifurcate is improper, characterizes the arguments for bifurcation as baseless and without merit as the case was already suspended for preparation of the Final Pretrial Conference Order, and argues Respondents cannot point to a single Board case where bifurcation was ordered on a contested motion to bifurcate. Petitioner also argues that bifurcation would increase the burden and expense of this proceeding for Petitioner and the Board by, "forc[ing] Petitioner to do as much work as possible to get to a decision on the merits."[11]

---

[10] 84 TTABVUE 3. Respondents noted in their report to the Board that they had contacted Petitioner seven times prior to the due date for a response to the Board's order to discuss the matter, and Petitioner's attorney, "either did not respond or stated that he would get back to Velcro Companies but never did." 80 TTABVUE 3.

[11] 84 TTABVUE 4.

Citing to the test for bifurcation in *Arnold v. United Artists Theatre Cir., Inc.*, 158 F.R.D. 439, 459 (N.D. Cal. 1994), Petitioner argues that bifurcation is not appropriate because the issues in this case are not complex, the Board will not misunderstand any issue in this case, resolution of the standing[12] issue "does not impact the merits" of the case, and Petitioner will be prejudiced as bifurcation will force it to conduct a trial on entitlement before being "allowed the opportunity" to conduct a trial on genericness.[13]

**A. Legal Standard**

Under Fed. R. Civ. P. 42(b), made applicable to the Board by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), courts and the Board have broad discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize" cases. The language of the Rule suggests a tribunal may order bifurcation sua sponte. *Saxion v. Titan-C-Mfg.*, 86 F.3d 553, 556 (6th Cir. 1996). The issue of bifurcation may also be explored at a pretrial conference, and the discretion of the trial court should be invoked. *Fairchild Stratos Corp. v. Gen. Elec. Corp.*, 31 F.R.D. 301, 302 (S.D.N.Y. 1962). Only one of the criteria in the Rule need be met to justify bifurcation. *MCI*

---

[12] Petitioner refers to "standing " in its motion. Our decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063 and 1064, under the rubric of "standing." We now refer to this inquiry as "entitlement to a statutory cause of action." Despite the change in nomenclature, our prior decisions and those of the U.S. Court of Appeals for the Federal Circuit interpreting "standing" under Sections 13 and 14 of the Trademark Act remain applicable. *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 1303 (Fed. Cir. 2020); *Spanishtown Enters., Inc. v. Transcend Res., Inc.*, Can. No. 92070340, 2020 TTAB LEXIS 481, at *4 (TTAB 2020).

[13] 84 TTABVUE 4-7.

*Commc'ns Corp. v. AT&T Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983). A case-by-case approach to bifurcation is applied considering several factors, including, (1) separability of issues, (2) simplification of discovery and conservation of resources, and (3) prejudice to the parties. *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986). Bifurcation may be particularly appropriate when resolution of a single claim or issue could resolve the entire case, by "first dealing with an easier dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (citation omitted); *see generally* 9A WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2388 (3d ed. 2024). The party seeking bifurcation bears the burden of establishing that bifurcation will promote judicial economy, or avoid inconvenience, and that no party would be prejudiced by the separate trials. *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997).

**B. Analysis**

Entitlement to a statutory cause of action is an element of the plaintiff's case in every Board inter partes proceeding. *See Corcamore*, 978 F.3d at 1303; *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 1373-74 (Fed. Cir. 2020) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)).

The Board has previously severed the issue of entitlement to a statutory cause of action from the substantive grounds asserted, and decided the issue of entitlement as "a single threshold question." *Curtin v. United Trademark Holdings, Inc.*, Opp. No. 91241083, 2023 TTAB LEXIS 151, at *1 (TTAB 2023) (Board sua sponte ordered

bifurcation of inter partes proceeding); *AT&T Mobility LLC v. Thomann*, Opp. No. 91218108, 2020 TTAB LEXIS 5, at *8 (TTAB 2020) (Board approved parties' stipulation to bifurcate proceeding and consider issue of entitlement to statutory cause of action in first phase).

Now that discovery has been completed in this case, given the genuine dispute regarding Petitioner's entitlement, and whether it has a bona fide intent to use its pleaded mark in commerce, severance of the issues will simplify the presentation of evidence and conserve the Board's judicial resources by first considering entitlement, as its resolution may be dispositive of this proceeding. The issue of genericness is a fact-specific inquiry that often involves the development and review of voluminous evidence, including any expert reports. Bifurcation potentially saves the parties time and resources as a decision on the statutory entitlement issue should simplify the final pretrial conference order. The evidence of Petitioner's entitlement to a statutory cause of action is within its control and does not present an undue burden or prejudice to Petitioner, as it is Petitioner's burden to demonstrate its entitlement in any event.

### III. Decision and Phase One Schedule

Respondent's motion to bifurcate this proceeding into separate phases is **granted**.

### A. Phase One

The first phase will focus solely on Petitioner's entitlement to a statutory cause of action, which must be maintained throughout this proceeding. The trial schedule for this phase is as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | 9/30/2024 |
| Plaintiff's 30-day Trial Period Ends | 11/14/2024 |

| | |
|---|---|
| Defendant's Pretrial Disclosures Due | 11/29/2024 |
| Defendant's 30-day Trial Period Ends | 1/13/2025 |
| Plaintiff's Rebuttal Disclosures Due | 1/28/2025 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/27/2025 |
| Plaintiff's Opening Brief Due | 4/28/2025 |
| Defendant's Brief Due | 5/28/2025 |
| Plaintiff's Reply Brief Due | 6/12/2025 |
| Request for Oral Hearing (optional) Due | 6/22/2025 |

Trial briefs on the issue of entitlement to a statutory cause of action shall be submitted in accordance with Trademark Rules 2.128(a) and (b).

**B. Phase Two:**

If Petitioner establishes its entitlement to bring a statutory cause of action through the Phase One trial, the Board will then reset the Pretrial Conference schedule for Phase Two.

**Important Trial Briefing Instructions**

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's

review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).